## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **DEAN SPRENKLE,**<br>Plaintiff<br><br>v.<br><br>**PHILLIPS & COHEN ASSOCIATES, LTD,**<br><br>Defendant | § § § § § § § § § § | Case No._____ |

## COMPLAINT

Plaintiff Dean Sprenkle ("Plaintiff") files this Complaint against Phillips & Cohen Associates, LTD ("Defendant") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and in support thereof, states as follows:

## INTRODUCTION

1.     The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to personal bankruptcies, marital instability, the loss of jobs, and invasions of individual privacy. Congress wrote the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2.     Plaintiff, by his attorneys, brings this action to challenge the actions of Defendant with regards to its attempts to unlawfully and abusively collect a debt alleged owed by Plaintiff, which conduct caused Plaintiff actual damages, including out-of-pocket damages and severe emotional distress.

3.     Plaintiff makes these allegations on information and belief, except for those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal

1

knowledge.

4.      While the Complaint describes violations with specificity below, this Complaint alleges violations of the FDCPA in its entirety.

5.      Unless otherwise stated, all the conduct engaged in by Defendant took place in Texas.

6.      Any violation by Defendant was knowing, willful, and intentional, and Defendant did not maintain reasonable procedures adapted to avoid any such violation.

7.      Unless otherwise indicated, the use of Defendant's name in this Complaint includes all its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

8.      All violations alleged regarding the Fair Debt Collection Practices Act are material violations as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

## JURISDICTION & VENUE

9.      This case arises out of Defendant's numerous and egregious violations of the FDCPA, 15 U.S.C. § 1692, *et seq.* Subject matter jurisdiction of this Court exists under 28 U.S.C. § 1331.

10.     Personal jurisdiction is established because Defendant conducts business within the state of Texas.

11.     Venue is proper pursuant to 28 U.S.C. § 1391(b) for the following reasons: (i) Plaintiff resides in Highlands, Texas, wherein this judicial district lies; (ii) the conduct complained of herein occurred within Highlands, Texas this judicial district; and (iii) at all relevant times, Defendant conducted business within this judicial district.

## PARTIES

2

12.     Plaintiff is a natural person who resides in Highlands, Texas, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

13.     Defendant is, and at all times mentioned herein was, a corporation registered and formed under the laws of the State of New Jersey with a primary place of business and/or headquarters located at: 1002 Justison St, Wilmington, DE 19801. Plaintiff further alleges that, at all relevant times, Defendant conducted business within the state of Texas and in this Judicial District.

14.     Plaintiff is informed and believes, and thereon alleges, that Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engages in "debt collection" and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

15.     This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "debt" as that term is defined by 15 U.S.C. 1692a(5).

## FACTUAL ALLEGATIONS

16.     At all times relevant, Plaintiff is a natural person residing within the State of Texas.

17.     At all times relevant, Defendant conducted business in the State of Texas.

18.     Sometime before November 2021, Plaintiff allegedly incurred financial obligations to an original creditor, Merrick Bank Corporation ("Merrick Bank" or "Original Creditor"), that were money, property, or their equivalent, (the "Debt") which were due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by 15 U.S.C. § 1692a(5).

19.     Sometime thereafter but before November 2021, Plaintiff allegedly fell behind on the payments owed on the Debt.

20.     Afterwards, the Debt was allegedly assigned, placed or otherwise transferred to Defendant for collection. Thereafter, Defendant began contacting Plaintiff in an attempt to collect upon the Debt on behalf of Merrick Bank.

21.     On or around November 18, 2021, Defendant sent Plaintiff a letter via mail attempting to collect the Debt.

22.     Concerned by Defendant's collection letter, on or around November 24, 2021, Plaintiff sent a letter to Defendant via e-mail disputing the Debt, demanding validation, verification and proof of the Debt which Defendant claimed was owed by Plaintiff (the "Dispute").

23.     Defendant provided no response to Plaintiff's Dispute.

24.     Despite Plaintiff sending the Dispute to Defendant and Defendant receiving the Dispute, Defendant decided to move forward with collection attempts against Plaintiff without validating the alleged Debt.

25.     Specifically, one (1) month after Plaintiff's Dispute, on or around December 22, 2021, without providing Plaintiff the requested validation, verification, and/or proof of the Debt, Defendant sent Plaintiff a letter via mail attempting to collect on the Debt and presented Plaintiff with  a "Discounted Payoff Offer" which was stated to expire on January 11, 2022.

26.     Additionally, in or around January 2022, without providing Plaintiff with the requested validation, verification, and/or proof of the Debt, Defendant sent Plaintiff another letter via mail attempting to collect on the Debt and presented Plaintiff with another settlement offer, which was stated to expire on February 15, 2022.

27.     On or around March 2, 2022, without providing Plaintiff with the requested validation, verification, and/or proof of the Debt, Defendant once again sent Plaintiff a letter via mail attempting to collect on the Debt with a settlement offer similar to the ones previously presented, which was stated to expire on March 22, 2022.

28.     Defendant never provided Plaintiff with the requested validation, verification and/or proof of the Debt, and continues to ignore Plaintiff's Dispute.

4

29.     The abovementioned collection letters from Defendant were each a "communication(s)" as 15 U.S.C. § 1692a(2) defines that term.

30.     Through the above conduct, Defendant violated 15 U.S.C § 1692d by engaging in conduct, the natural consequence of which was to harass, oppress or abuse Plaintiff.

31.     Through the above conduct, Defendant violated 15 U.S.C. §§ 1692e and 1692e(10), by continuing with its attempts to collect upon the alleged debt from Plaintiff without providing Plaintiff with the requested validation, verification, and/or proof of the Debt, in complete disregard of Plaintiff's Dispute.

32.     Through the above conduct, Defendant violated 15 U.S.C. § 1692f by engaging in unfair or unconscionable means to collect or attempt to collect the alleged debt.

33.     Through the above conduct, Defendant violated 15 U.S.C. § 1692g(b) by continuing with repeated attempts to collect upon the alleged debt from Plaintiff without providing Plaintiff with validation, verification, and/or proof of the Debt and in disregarding Plaintiff's Dispute of the Debt.

34.     Through all the above-described conduct, Defendant took actions against Plaintiff concerning the alleged debt in violation of the statutes discussed above.  Specifically, Defendant has violated 15 U.S.C. §§ 1692d, 1692e, 1692e(10); 1692f, and 1692g(b) of the FDCPA.

35.     As a result of Defendant's unfair, oppressive, and abusive conduct in connection with its debt collection activity, Plaintiff has suffered mental anguish by way of stress, frustration, anxiousness, and was misled and confused by Defendant's repeated threats and continued collection communications to Plaintiff.

36.     Due to Defendant's ongoing violations of law, Plaintiff was required to bring this action to finally resolve Plaintiff's disputes and ensure safeguards are put in place to protect Plaintiff from future unlawful debt collection practices and harassment.

///

///

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

**COUNT I**

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**

**15 U.S.C. §§ 1692, et seq.**

37.     Plaintiff repeats, re-alleges, and incorporates by reference, all above paragraphs of the Complaint as though fully stated herein.

38.     The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

39.     As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages, pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing and willful violation in an amount up to $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3). from Defendant.

**DEMAND FOR JURY TRIAL**

40.     Please take notice that Plaintiff hereby demands a trial by jury on any and all triable issues arising from Plaintiff's complaint, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

///

///

///

///

///

///

///

///

///

///

///

**REQUEST FOR RELIEF**

Complaint and Demand for Jury Trial                    *Sprenkle v. Phillips & Cohen Associates, LTD*

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant, as follows:

- Finding that Defendant's conduct violated 15 U.S.C. §§ 1692, et seq. and an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant.

- Granting an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant.

- Granting an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant.

- Awarding any and all other relief that this Court deems just and proper.

Dated: June 30, 2022                           Respectfully submitted,


                                               **KAZEROUNI LAW GROUP, APC**

                                               By: /s/ Amy Ginsburg
                                                    Amy Ginsburg, Esq.
                                                    amy@kazlg.com
                                                    245 Fischer Ave., Suite D1
                                                    Costa Mesa, CA 92626
                                                    Telephone: (214) 880-6362
                                                    Fax: (800) 635-6425

                                                    1012 N. Bethlehem Pike
                                                    Suite 103, Box #9 Ambler,
                                                    PA 19002

                                                    *Attorneys for Plaintiff*

Complaint and Demand for Jury Trial                    *Sprenkle v. Phillips & Cohen Associates, LTD*